## NATHAN B. FOLSOM *vs.* JOSEPH CHESLEY.

A mere seizure of property on an execution does not divest the title of the judgment debtor.

After such a seizure, if the officer sell and return the proceeds of the property on a different and subsequent execution, it is no bar or satisfaction to the first execution.

For any wrong thus sustained by the debtor or creditor, a remedy exists against the officer ; but that remedy, when resorted to by the creditor, is only collateral to his original claim against the debtor.

THIS was debt upon a judgment, rendered in the state of Massachusetts. The defendant pleaded *null teil record* and payment.

At the trial here in September, A. D. 1821, the plaintiff produced a record corresponding with the declaration.

Folsom
*vs.*
Chesley.

On the other hand, the defendant proved, that his property was attached, in sufficient quantity to satisfy the plaintiff's claim, by the officer who served the original writ on which the judgment now in suit was rendered; that it remained in his custody till he received the execution; and that said property had since been sold by said officer on this or other claims against the debtor, but had improperly been first applied in discharge of those other claims.

The court directed the jury, that this evidence was not competent to prove payment; and a verdict was found for the plaintiff, subject to the opinion of the court upon the question, whether the said testimony was competent to prove a payment.

*Farrar*, for the plaintiff.

*Ich. Bartlett*, for the defendant.

WOODBURY, J.   As the officer has returned, that he sold the debtor's property on other executions against him, we must presume the return true, until proved to be false.

The whole extent of the case will then be, that by an execution on the judgment now in suit, sufficient property of the defendant to satisfy it has been seized, or was in possession of the officer; but afterwards was sold and endorsed on other claims against the defendant.   It is contended, that this amounts to a payment of the plaintiff's debt, and the following authorities give some countenance to the position. 4 *Mass. Rep.* 403.—1 *Mod.* 30, *Wilbraham vs. Snow.*—1 *Salk.* 323.

But on principle, such an inference would be highly unjust; because the plaintiff would then be paid without the receipt, in the end, of either money or property; and the debtor would be discharged on this claim without the payment of either money or property.   His property seized has been sold and applied to other honest debts, and his only injury by such a course has been a change in the order of payment, the whole damage from which he may be entitled to recover of the officer.   7 *Mass. Rep.* 508, *Blake vs. Shaw.*

55

The redress he now seeks from the plaintiff, by making him lose his debt, or at the least by making the officer lose it, and the same property of the debtor pay two debts at once, would be altogether disproportionate to the injury, and would operate with great inequality in different cases.

Another objection to this position of the defendant is, that the plaintiff's debt, if paid at all, must be paid by the seizure ; because every thing done after the seizure has been done on other precepts. But a mere seizure, (and that is more than here happened in one view of this case) cannot in any sense be a payment or discharge of the execution ; because the general title of the property still remains in the judgment debtor, and it would be absurd to hold, that he still retained the title of the property after paying the debt with it. *Warren vs. Churchill, Graf. Nov.* 1820.—2 *Equ. Ca. Ab.* 381.—12 *John. Rep.* 403.—8 *ditto* 520.—16 *East* 274.—1 *Brod. & Bing.* 370, *Swain vs. Morland.—Parker* 112.—7 *Mass. Rep.* 506.—9 *ditto* 105.

Indeed, some authorities have gone so far as to hold, that the judgment is not discharged by a sale of the property on the execution, but that there must be an actual application of the proceeds in satisfaction of it. 2 *Show.* 394, *Dyke vs. Mercer.—Cro. Ch.* 75, *Whiteacres vs. Hawkinson.*

The cases are numerous, in which officers, with different precepts in their hands against the same person, have given priority to the wrong precepts ; but it never has been apprehended that the precepts improperly postponed thereby became paid or discharged. 4 *East* 538.—18 *John. Rep.* 367.—2 *Bac. Ab.* " *Execution*," *D.* 721.—*Salk.* 320.—1 *Ld. Ray.* 251.—5 *Mod.* 176.—6 *ditto* 292.—12 *ditto* 126.—*Com. Rep.* 35.—1 *D. & E.* 729.—12 *John.* 162, *Sandford vs. Roosa.*

It is sufficient for the present case to say, that till a sale of the property on a particular precept, the precept or judgment can in no sense be deemed satisfied. Till then it cannot be said of that precept, there is " execution done," or " execution executed." 1 *Barn. & Ald.* 157, *Lear vs. Edwards.—Com. Di.* " *Pleader.*"—2 *W.* 36.—*Cro. Ch.* 328.

Though the plaintiff might have sustained an action against the officer for postponing his execution ; yet that circumstance, as in case of an escape without the creditor's consent, is no bar to debt on the judgment, or to a new execution against the debtor.(1)   But had he sued the officer, it would have been for a false return of *nulla bona* on his execution ; whereas on the hypothesis of the defendant, that this judgment has been paid, the suit would be for the money had and received in payment.   4 *East* 523, *Payne vs. Drew.*—16 *ditto* 266, *Thurston vs. Mills.*—1 *Brod. & Bing.* 370.—3 *Camp. N. P.* 347.

We, therefore, think the plaintiff is entitled to judgment.

Folsom
*vs.*
Chelsey.

(1) Yelv. 52, Wood vs. Harbourn.

---

The court being about to enter judgment on the verdict, the counsel for the defendant apprehended, that, after a full trial, the jury would be satisfied, that the execution of the plaintiff was not only levied on the property of the debtor, but that the property was sold under that execution.   Whereupon the verdict was set aside by consent, and on trial at the same term another verdict found for the plaintiff, and judgment entered accordingly.